IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

OLIN THOMAS QUICK                                                            PLAINTIFF

vs.                              Civil No. 2:12-cv-02054

MICHAEL J. ASTRUE                                                           DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Olin Thomas Quick ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments of counsel, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.      Background:**

Plaintiff filed an application for DIB on May 16, 2010. (Tr. 15). In this application, Plaintiff alleges he is disabled due to pain: "Hurt from head to toe everyday, it hurts to move; pain." (Tr. 168). Plaintiff alleges an onset date of February 1, 2009. (Tr. 15, 168). This application was denied initially and again on reconsideration. (Tr. 68-69).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 26-27). Two administrative hearings were held in this case. (Tr. 28-67).

The first hearing was held on May 3, 2011 in Fort Smith, Arkansas, and the second hearing was held on September 6, 2011 in Fort Smith, Arkansas. *Id.* It appears the first hearing was held on May 3, 2011, and Plaintiff stated during this hearing that he would like to hire an attorney. (Tr. 28-34). Thereafter, a second hearing was held on September 6, 2011, and a full hearing was held. (Tr. 35-67). At this second hearing, Plaintiff was present and was represented by Daniel Ingram. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Sarah Moore testified at this hearing. *Id.*

On October 13, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 12-22). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2014. (Tr.17, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 1, 2009, his alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: disorder of the cervical spine and degenerative disc disease of the lumbar spine. (Tr. 17, Finding 3). The ALJ also determined Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listing impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 and No. 16 ("Listings"). (Tr. 17, Finding 4).

In his decision, the ALJ also determined Plaintiff was forty-three years (43) old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 21, Finding 8). The ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 18-20). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's

2

subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can occasionally reach overhead bilaterally.

(Tr. 17-20, Finding 5). "Light work" is defined as follows:

> Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform his PRW. (Tr. 20-21, Finding 6). The ALJ also evaluated whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 21-22, Finding 10). The ALJ heard testimony from the VE on this issue. (Tr. 62-64). Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform occupations such as an assembler with 950 such jobs in Arkansas and 108,500 such jobs in the national economy; machine tender with 1,200 such jobs in Arkansas and 85,900 such jobs in the national economy; and inspector with 1,000 such jobs in Arkansas and 69,800 such jobs in the national economy. (Tr. 21). Because Plaintiff retained the capacity to perform other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from February 1, 2009 through the date of his decision or through October 13, 2011. (Tr. 22, Finding 11).

Thereafter, on November 22, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 8-10). On January 13, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On March 12, 2012, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 10, 15. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record.  ECF No. 10.  Specifically, Plaintiff claims the following: (1) the ALJ erred in assessing his RFC; (2) the ALJ erred in assessing his credibility; and (3) the ALJ erred by failing to fully and fairly develop the record.  *Id.*   In response, Defendant argues the ALJ properly

considered Plaintiff's combined impairments when assessing his RFC, the ALJ properly considered Plaintiff's credibility, and the ALJ properly developed the record.  ECF No. 15.  After reviewing Plaintiff's briefing and the opinion by the ALJ, this Court finds the ALJ did not fully consider Plaintiff's subjective complaints as required by *Polaski*.  Thus, this Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* analysis. In his opinion, the ALJ first made the following perfunctory statement regarding Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. The undersigned notes that although the claimant has alleged back and neck problems for years the evidence does not reflect a longitudinal medical record of treatment. Such lack of regular medical treatment during a claimed period of disability is inconsistent with allegations of severe and disabling pain.

(Tr. 18). Then, the ALJ proceeded to discount Plaintiff's subjective complaints because, in his view, those complaints were not consistent with his medical records. (Tr. 17-20).

Indeed, the only *Polaski* factor the ALJ even briefly considered was Plaintiff's ability to perform his daily activities. (Tr. 20). In considering those daily activities, however, the ALJ did not properly characterize them. *Id.* For instance, the ALJ stated Plaintiff's "hobbies and interests included fishing, photography, and reading." *Id.* In making this statement, the ALJ ignored the fact Plaintiff also stated in his Function Report that he is no longer able to do these activities: "not to

7

[too] often anymore have trouble doing all of these now." (Tr. 187). The ALJ also stated Plaintiff "spent time with others at dinner and family get-togethers." (Tr. 20). Again, in making this statement, the ALJ ignored the fact Plaintiff reported in his Function Report that he only does these activities "every few months" and otherwise "don't go much of anywhere." (Tr. 187).

The ALJ did consider Plaintiff's prior work experience in his decision to discount Plaintiff's subjective complaints. (Tr. 19). Specifically, the ALJ stated the following: "The undersigned notes that there is evidence that the claimant stopped working due to a business related mass layoff rather than because of the allegedly disabling impairments and collected unemployment benefits for a long period of time." *Id.* While it was proper for the ALJ to consider this prior work history, based upon the transcript, it appears the ALJ placed far too much emphasis on this finding.

For instance, the ALJ placed a great deal of emphasis on this fact and yet ignored the opinion evidence from Dr. Kelli Rippy, M.D. who found Plaintiff had "physical impairments in both upper and lower extremities & back" which caused him "chronic neck & back pain, upper & lower extremity pain, weakness, numbness." (Tr. 263). The ALJ discounted Dr. Rippy's findings because he found they were "not supported by the objective findings in the medical evidence of record in general or even the objective findings in her own records." (Tr. 20).

Upon closer inspection, however, those findings *were supported* by the objective medical evidence. On April 20, 2011, Plaintiff underwent an MRI of his cervical spine. (Tr. 254). Plaintiff was found to have the following: "1. Posterior lateral spondylosis with superimposed disc protrusion at C3-4 with mild canal stenosis and biforminal narrowing. 2. Small central disc protrusion C4-5, C5-6, C6-7 with mild canal stenosis at C5-6." *Id.* Dr. Rippy referenced this MRI in her report and stated Plaintiff had an "abnormal MRI" with "canal stenosis at multiple levels." (Tr. 263). Thus, because Dr. Rippy's findings were actually supported by the medical records, the ALJ also erred in

8

characterizing her findings.

Accordingly, because the ALJ did not discount Plaintiff's subjective complaints for legally-sufficient reasons and did not fully consider the *Polaski* factors in his decision, the Court finds the ALJ's disability determination is not supported by substantial evidence in the record. *See Polaski,* 739 F.2d at 1322.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence in the record and recommends that it be reversed and remanded.[2]

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 22nd day of October 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] The Court recommends this case be reversed and remanded only for the purpose of fully considering the *Polaski* factors and supplying valid reasons for discounting Plaintiff's subjective complaints.  This Report and Recommendation should not be interpreted as requiring Plaintiff be awarded disability benefits upon remand.